# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA,
# WESTERN DIVISION

IN RE:

ERIC J. REID,                           BK 05-72134-CMS-7

    DEBTOR.

HEIDI HISLOPE,                       AP 05-70037-CMS

    PLAINTIFF,

vs.

ERIC J. REID,

    DEFENDANT.

## MEMORANDUM OF DECISION

This matter was before the court for trial of Heidi Hislope's complaint asking the court to find a debt owed by her ex-husband Eric J. Reid to be nondischargeable pursuant to 11 U.S.C. § 523(a)(5). Reid's counsel moved for judgment in the defendant's favor after Hislope completed, and rested, her case at trial. The court finds Reid's motion must be granted because the plaintiff presented no evidence that the debt was for maintenance or support in the couple's divorce, as required for a Section 523(a)(5) nondischargeability finding. Judgment is due to be entered **IN FAVOR** of the **DEFENDANT;** and **AGAINST** the **PLAINTIFF.**

## FINDINGS OF FACT

Plaintiff Heidi (Reid) Hislope filed this adversary proceeding against her former husband Eric Jason Reid (Debtor) contending that a $22,300.00 judgment against him is nondischargeable

1

in bankruptcy pursuant to 11 U.S.C. § 523(a)(5).

Hislope contended that the Debtor owes her the $22,300.00 for breach of a prenuptial agreement entered into by the parties prior to their marriage. The plaintiff contended that, under the terms of the prenuptial agreement, the debtor owed her one-half of a personal injury recovery he received from Bruno's during the now-ended marriage. Hislope claimed the $22,300.00, as awarded her by a state court for breach of the agreement, should be nondischargeable in the Debtor's subsequent bankruptcy under Section 523(a)(5). The plaintiff did not assert any other Bankruptcy Code exception to discharge in her case.

At the February 22, 2006 trial of this adversary proceeding, the plaintiff testified that she and the debtor entered into the prenuptial agreement in 1994. However, no copy of the prenuptial agreement was offered into evidence. The Debtor, on the other hand, introduced a copy of a 2003 Marion County Circuit Court order as his Exhibit 1 during cross-examination. This order specifically denied Hislope's (then Reid's) claim for part of the Bruno's settlement. At Paragraph 5, the order stated that:

> **PROCEEDS OF BRUNO'S SETTLEMENT:**
>
> Request of Heidi Gayle Holcomb Reid, Plaintiff/Respondent/Counter-Respondent, for an award of one-half of the proceeds of the Bruno's settlement is hereby denied.

Judge James C. Cashion, as <u>ex officio</u> circuit judge, entered the order on October 23, 2003. This action came in the Marion County Circuit Court, Domestic Relations Court (DR-00-5144.01).

Then on December 1, 2004, Hislope filed another suit in the Marion County Circuit Court (CV 2004-236). Hislope alleged in the last complaint that the debtor had breached their prenuptial agreement by failing to give her one-half of all assets earned during the marriage, referring to the

2

Bruno's settlement. In her demand for relief in the Circuit Court complaint, she stated "Plaintiff demands judgment for <u>breach of contract</u> against the Defendant in the sum of Twenty Two Thousand Three Hundred Dollars ($22,300.00)...(emphasis added)" (Plaintiff's Exhibit 2). A default judgment was entered in this second Circuit Court action on February 14, 2005. It awarded Hislope a $22,300.00 judgment against Eric Reid. (Plaintiff's Exhibit 1) The faces of these documents indicate Hislope was not asking the Circuit Court for Marion County to judge the issue in its domestic relations role.

The Debtor filed his Chapter 7 bankruptcy case July 19, 2005. It is what is known as a "no-asset" Chapter 7, meaning that there are no unencumbered, non-exempt assets for the trustee to liquidate for prepetition creditors.

Hislope filed this adversary proceeding objecting to the dischargeability of her judgment debt on August 18, 2005. The plaintiff testified at the February 22, 2006 trial on her complaint, that her claim against the Debtor was based upon the prenuptial agreement, a contract; and stated specifically that the judgment did not involve child support, alimony, or other maintenance. Both she and her counsel emphasized that the award was a $22,300.00 judgment in general contract, not an alimony or support award in connection with a domestic relations action.

After Hislope rested her case at trial, the Debtor moved the court to enter judgment in the debtor's favor as a matter of law. He contended that Hislope's pleadings and evidentiary showing failed to state a case for a nondischargeability finding pursuant to 11 U.S.C. § 523(a)(5). The court indicated to the parties that it would enter a written order on the issue.

## CONCLUSIONS OF LAW

This court has jurisdiction of debtor Eric J. Reid's Chapter 7 case pursuant to 28 U.S.C. §

3

Case 05-70037-CMS    Doc 20    Filed 05/23/06    Entered 05/23/06 13:35:40    Desc Main
Document      Page 3 of 6

1334(a). This court has jurisdiction of this adversary proceeding, a core bankruptcy proceeding arising under 11 U.S.C. § 523(a)(5), under 28 U.S.C. § 1334(b). The jurisdiction is referred to this court under 28 U.S.C. § 157(a) by the General Order of Reference of the United States District Courts for the Northern District of Alabama, Signed July 16, 1984, As Amended July 17, 1984.

Since the Debtor's bankruptcy case was filed July 19, 2005, the Bankruptcy Code as it existed prior to amendments effective October 17, 2005, still controls this adversary proceeding.

The plaintiff's claim that the debt should be found nondischargeable was filed pursuant to 11 U.S.C. § 523(a)(5) of the former Bankruptcy Code which provides:

**Exceptions to discharge**

a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt–

(5) to a spouse, former spouse, or child of the debtor, for <u>alimony</u> to, <u>maintenance</u> for, or <u>support</u> of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that –

(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise (other than debts assigned pursuant to section 408(a)(3) of the Social Security Act, or any such debt which has been assigned to the Federal Government or to a State or any political subdivision of such State); or

(B) such debt includes a liability designated as alimony, maintenance, or support, <u>unless such liability is actually in the nature of alimony, maintenance, or support</u>; ... (emphasis added)

A determination that the parties actually intended the award as maintenance or support of (not a property settlement) a spouse, former spouse, or child was critical to a court finding of nondischargeability in bankruptcy under Section 523(a)(5). If a court found that such appropriate

4

intent and actual nature existed, the liability was nondischargeable in the meaning of Section 523(a)(5), regardless of what the payment or transfer was styled in the non-bankruptcy court order or decree. See Cummings v. Cummings, 244 F.3d 1263, 1265 (11th Cir. 2001). Traditionally, courts have held that the burden of proof in nondischargeability actions is on the plaintiff seeking exception. Traditional analysis also required that the code nondischargeability sections be construed strictly, and in favor of the debtor's fresh start.

A bankruptcy court cannot find that a simple contract debt is nondischargeable pursuant to Section 523(a)(5), even if the bankrupt owes the contract debt to a spouse, former spouse or child. See Middel v. Middel, et al. (In re Jacob Reinder Middel, and In re Jake's on the Pike), 78 B.R. 461 (Bankr. E.D. Va. 1987).

In the Hislope v. Reid case, there is no evidence that this claimed indebtedness was for either alimony, maintenance, or support of the plaintiff or a child. The domestic relations court, in fact, found that plaintiff was not entitled to one-half of the Bruno's settlement. The later Circuit Court civil action was filed as a breach of contract suit. Any liability of the debtor to plaintiff would be an unsecured contract claim, to be treated the same as other unsecured prepetition debt. The fact that the alleged $22,300.00 debt is between former spouses does not change its "actual nature" to that of alimony, maintenance or support.

Additionally, this is a no-asset Chapter 7 case and no distribution will be made to such unsecured creditors. Therefore, it is not necessary for the court to discuss or adjudicate the preclusive effect of the Marion County Circuit Court Domestic Relations Court order finding that the plaintiff was not entitled to the claimed funds, or the later Marion County Circuit Court default judgment in contract. There would be no distribution to Hislope in this case, even if her $22,300.00 judgment

debt had <u>not</u> been precluded.

## CONCLUSION

The court must find that Hislope failed to present any evidence that the $22,300.00 debt was an obligation for maintenance or support of the plaintiff or other dependent in the meaning of Section 523(a)(5). Consequently, the Debtor's motion for judgment in his favor is due to be **GRANTED**, pursuant to Fed. R. Bankr. P. 7052 applying Fed. R. Civ. P. 52( c) in bankruptcy. Judgment is due to be entered **IN FAVOR** of the **DEFENDANT**; and **AGAINST** the **PLAINTIFF.**

An order, consistent with these findings pursuant to Fed. R. Bankr. P. 7052, will be entered separately.

**DONE and ORDERED** this May 23, 2006.

/s/ C. Michael Stilson
C. Michael Stilson
United States Bankruptcy Judge
